UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

FRANK ANDREASSEN,
JOHN ANDREASSEN and OQUISHA HARRIS,

                       Plaintiffs,

            -against-

Detective PETER MCCARTHY, Shield No. 4143; Captain WILLIAM J. RUSSO; Sergeant TERRELL M. ANDERSON; Sergeant JAMES A. MAHONEY; Sergeant NAVEED CHAUDRY; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

12 CV 3751 (JBW)(VVP)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff John Andreassen ("plaintiff" or "John") is a resident of Kings County in the City and State of New York.

7. Plaintiff Frank Andreassen ("plaintiff" or "Frank") is a resident of Kings County in the City and State of New York.

8. Plaintiff Oquisha Harris ("plaintiff" or "Ms. Harris") is a resident of Kings County in the City and State of New York.

9. Defendant Detective Peter McCarthy, Shield No. 4143 ("McCarthy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McCarthy is sued in his individual and official capacities.

10. Defendant Captain William J. Russo ("Russo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Russo is sued in his individual and official capacities.

11. Defendant Sergeant Terrell M. Anderson ("Anderson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Anderson is sued in his individual and official capacities.

12. Defendant Sergeant James A. Mahoney ("Mahoney"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mahoney is sued in his individual and official capacities.

13. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16. At approximately 7:30 a.m. on June 6, 2012, plaintiffs were lawfully in the area of their residence at 6817 Third Avenue, in Brooklyn, New York.

17. Plaintiff Frank Andreassen, a diabetic, was preparing to take his morning dosage of insulin when officers suddenly stormed into his home, pointed their guns at him and forcefully handcuffed him to his bed.

18.     Frank asked if he could take his insulin medication as he was a diabetic, but officers denied his request.

19.     Defendants questioned Frank as to where his brother John Andreassen was.

20.     Defendants violently searched the home, destroying plaintiffs' property.

21.     Frank was forced to remain handcuffed without being allowed access to his insulin for several hours.

22.     Frank was released from the shackles after several hours without ever being allowed to take his medication.

23.     Frank was nauseous and dry mouthed as a result of being denied his medication.

24.     Frank was never charged with a crime.

25.     Plaintiff John Andreassen was walking home from the grocery store at or about the abovementioned time when officers approached him on the street and asked his name.  When plaintiff provided it, defendants immediately handcuffed him.

26.     At or about this same time, plaintiff Oquisha Harris, who lived with plaintiffs Frank Andreassen and John Andreassen, was across the street from the apartment headed home when she too was handcuffed and arrested.

27.     Plaintiffs John Andreassen and Oquisha Harris were taken to the 68th Precinct.

28. Ms. Harris, a diabetic, was unable to take her dosage of insulin that morning.

29. Ms. Harris advised defendants at the precinct that she was a diabetic and required her insulin and repeatedly asked for water and food but was denied the same.

30. Ms. Harris was handcuffed outside of a cell with her left arm elevated and shackled for several hours causing severe pain and swelling to her left wrist.

31. Because Ms. Harris did not have her insulin and was denied food and water, she felt nauseous, dizzy and had blurred vision.

32. Ms. Harris was released from the precinct without being charged with a crime.

33. John Andreassen was charged with criminal possession of a controlled substance.

34. John Andreassen was held at the precinct for approximately four hours before being issued a Desk Appearance Ticket for criminal possession of a controlled substance.

35. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed John Andreassen in possession of a controlled substance.

36. The officers had not observed John Andreassen in possession of a controlled substance.

37. The charges against John Andreassen were ultimately dismissed.

38. No contraband was recovered from plaintiffs' home.

39. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

45. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force**

46. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

48. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Deliberate Indifference to Medical Needs**

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual defendants were aware of a risk to plaintiffs' safety and a need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

51. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiffs' medical needs and safety.

52. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Failure to Intervene**

53. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: January 28, 2013
     New York, New York

          HARVIS WRIGHT
          SALEEM & FETT LLP

          _____
          Afsaan Saleem
          305 Broadway, 14th Floor
          New York, New York 10007
          (212) 323-6880
          asaleem@hwsflegal.com

          *Attorney for plaintiffs*